**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02274-REB-BNB

DESIGN BASICS, LLC, and
PRIME DESIGN, INC.,

      Plaintiffs,

v.

PROBUILD COMPANY LLC;
PROBUILD NORTH, LLC, and
LANOGA CORPORATION,

      Defendant.

**~~STIPULATION AND~~ PROTECTIVE ORDER**

      Each party and each counsel of record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefor, state as follows:

      1.     In this action, at least one of the parties has sought and/or is seeking Confidential Information (as defined in paragraph 5 below). The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests. The parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

3.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

4.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Confidential Information" shall mean non-public documents or materials that comprise or contain information constituting or relating to trade secrets or to confidential and proprietary information the disclosure of which would implicate common law or statutory privacy interests or result in competitive or other business injury to the disclosing party, such as, without limitation, confidential business information ~~(including, for example, business plans, business strategies, business methods, business records, negotiations, and agreements)~~, financial information ~~(including, for example, budgeting, accounting, and sales and expenditures figures)~~, business relationship information ~~(including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, and distributors)~~, and personnel information ~~(including, for example, compensation, evaluations and other employment information)~~.

6.      Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case. Counsel for the parties may designate information as

{00881160 / 1}#97560 v3 bou

"Confidential" only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection.

    7.    Where Confidential Information is produced, provided, or otherwise disclosed by a party, it shall be designated in the following manner:

    a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

    b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c.    With respect to transcribed testimony, by giving notice of such designation during the testimony whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

    8.    Information designated as Confidential shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.    attorneys actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.    designated representatives for the entity parties.;

    d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    the Court and its employees;

    f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.    deponents, witnesses or potential witnesses; and

    h.    other persons by written agreement of the parties.

9. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written declaration in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such declarations shall be retained by counsel and shall be subject to in camera review by the Court upon a showing of good cause.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court

determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with a declaration confirming the destruction.

12. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

    13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated January 31, 2011.

                BY THE COURT:

                 s/ Boyd N. Boland
                United States Magistrate Judge

**STIPULATED AND AGREED TO** this ____ day of December 2010.

*s/Jesús M. Vázquez, Jr.*  
_____  
Louis K. Bonham  
Osha Liang, LLP  
919 Congress Avenue, Suite 919  
Austin, TX  78701  
Tel:    (713) 228-8600  
Fax:   (713) 228-8778  
e-mail: Bonham@oshaliang.com  

Kris J. Kostolansky  
Jesús M. Vázquez, Jr.  
Rothgerber Johnson & Lyons LLP  
One Tabor Center, Suite 3000  
1200 Seventeenth Street  
Denver, CO  80202-5855  
Tel:    (303) 623-9000  
Fax:   (303) 623-9222  
e-mail: kkosto@rothgerber.com  
            jvazquez@rothgerber.com  

Dana LeJune  
Dana LeJune & Associates  
3006 Brazos  
Houston, TX  77006  
Tel:    (713) 942-9898  
Fax:   (713) 942-9899  
dlejune@triallawyers.net  

ATTORNEYS FOR PLAINTIFFS

*s/Neal S. Cohen*  
_____  
Timothy M. Reynolds  
Neal S. Cohen  
Christy L. Anderson  
Holme Roberts & Owen, LLP  
1801 13th Street, Suite 300  
Boulder, CO  80302-5259  
303-444-5955  
Fax:  303-866-0200  
tim.reynolds@hro.com  
neal.cohen@hro.com  
christy.anderson@hro.com  

ATTORNEYS FOR DEFENDANTS

# EXHIBIT A

## DECLARATION

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Design Basics, LLC et al. v. ProBuild Company, LLC et al.*, Civil Action No. 10-cv-02274-REB-BNB, a copy of which is attached to this Declaration.

2. I promise that I have not divulged and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than for the civil action referenced above.

3. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

4. I will abide by the terms of the Protective Order.

5. I declare under penalty of perjury that the foregoing is true and correct.

6. Executed on (date): _____

_____
(Signature)

_____
(Print or Type Name)

Address:

Telephone No.: (_____) _____

9

#97560 v3 bou