**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02274-REB-BNB

DESIGN BASICS, LLC, and
PRIME DESIGN, INC.,

      Plaintiffs,

v.

PROBUILD COMPANY, LLC,
PROBUILD NORTH, LLC, and
LANOGA CORPORATION,

      Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Partial Stay of Discovery Order [Doc. 43]** [#48][1] filed February 24, 2011. The plaintiffs filed a response [#57]. I grant the motion.

On February 16, 2011, the magistrate judge entered an order [#43] granting the plaintiffs' motion to file a first amended complaint and granting, in part, the plaintiffs' motion to compel [#36]. The defendants filed objections [#47] to the magistrate judge's order. The defendants object to the order of the magistrate judge to the extent it grants the plaintiffs' motion to amend their complaint and to the extent it grants the plaintiffs' motion to compel concerning two discovery requests.

The defendants argued to the magistrate judge that certain claims asserted in the

---

[1] "[#48]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

first amended complaint [#44] are futile and that the motion to amend should be denied because those claims are futile.  The defendants re-assert essentially the same arguments in their recently filed motion for partial dismissal [#50] of the plaintiffs' first amended complaint.  Two aspects of the magistrate judge's order [#43] granting the motion to compel are based on allegations first asserted in the amended complaint [#44].  Those allegations are the subject of the defendants' pending motion to dismiss.  Specifically, the magistrate judge's order granting the motion to compel as to request for production No. 3 and request for production No. 4 are based on the new allegations in the amended complaint.  In their present motion, the defendants request that the magistrate judge's order [#43] be stayed to the extent it requires a response to those two requests for production.  The defendants ask that this stay remain in effect until their motion for partial dismissal [#50] of the first amended complaint and their objections [#47] to the magistrate judge's order [#43] are resolved.  The deadlines for the filing of a response and reply concerning that motion and the objections have not expired.

The defendants outline correctly the factors to be considered in determining whether, in such circumstances, a stay of discovery should be granted.  Those factors are: 1) the likelihood of success on appeal; 2) the threat of irreparable harm if the stay is not granted; 3) the absence of harm to opposing parties if the stay is granted; and 4) any risk of harm to the public interest.  **Zander v. Craig Hosp.**, Civil Action No. 09-cv-02121-REB-BNB (D. Colo. April 20, 2010), 2010 WL 1571213, **order** on motion to stay discovery.

Given the circumstances of this case, and noting particularly the breadth of the discovery at issue in request for production No. 3 and No. 4 and the issues presented in the defendants' pending motion for partial dismissal [#50], I conclude that these factors weigh in favor of a stay of discovery pending resolution of the defendants' objections [#47] and the defendants' motion for partial dismissal [#50].

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion for Partial Stay of Discovery Order [Doc. 43] [#48]** filed February 24, 2011, is **GRANTED**;

2. That the order of the magistrate judge [#43] filed February 16, 2011, is **STAYED** to the extent that order requires the defendants to respond to request for production No. 3 and request for production No. 4;

3. That the stay **SHALL REMAIN IN EFFECT** until the court resolves the defendants' objections [#47] to the order of the magistrate judge, and the defendants' motion for partial dismissal [#50];

4. That after the objections [#47] and motion for partial dismissal [#50] are briefed fully, the court will resolve both at its earliest opportunity.

Dated March 9, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge