**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02274-REB-BNB

DESIGN BASICS, LLC, and
PRIME DESIGN, INC.,

      Plaintiffs,

v.

PROBUILD COMPANY, LLC,
PROBUILD NORTH, LLC, and
LANOGA CORPORATION,

      Defendants.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

This matter is before the court on the **Defendants' Motion for Partial Dismissal of Plaintiffs' First Amended Complaint [Doc. 44]** [#50][1] filed February 24, 2011. The plaintiffs filed a response [#61], and the defendants filed a reply [#63]. I deny the motion.

## I. JURISDICTION

My jurisdiction arises under 28 U.S.C. § 1338(a) (copyright).

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007)); ***see also Ashcroft v. Iqbal***, ___ U.S. ___, 129 S.Ct. 1937 (2009). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City***

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

*and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III. ANALYSIS

The plaintiffs are businesses that create, market, and license the use of architectural plans, including related technical drawings. In their first amended complaint [#44], the plaintiffs allege that they hold copyrights on roughly 1,000 different plans and technical drawings. Exhibits A and B to the first amended complaint contain lists of the works concerning which the plaintiffs claim they hold copyrights. The defendants operate a chain of lumber yards and building supply centers. Under a series of contracts specified in the first amended complaint, the plaintiffs licensed the defendants to sell certain of the plaintiffs' copyrighted architectural plans under terms specified in the contracts. *First amended complaint* [#44], ¶¶ 19 - 24.

The plaintiffs allege that the defendants infringed the plaintiffs' copyrighted works by selling to the defendants' customers copies of the plaintiffs' copyrighted works without complying with the terms of the licensing agreements. Specifically, the plaintiffs allege that a custom home builder in Sturevant, Wisconsin contacted one of the defendants' stores and expressed interest in some of the plaintiffs' copyrighted plans. *First amended complaint*, ¶¶ 27 - 32. Store employees acknowledged to the builder that it would need to purchase the plans through the plaintiffs. Rather than arranging such a purchase, under the terms of the applicable licensing agreement, the defendants' employees copied five of the plaintiffs' copyrighted plans, removed the plaintiffs' copyright management information from the plans, and sold the plans to the builder. The builder thereafter made and distributed copes and derivatives of the copyrighted

plans, and built, marketed, and sold houses based on those plans.  Addressing this situation, one of the defendants' managers acknowledged that plans had been sold improperly to the custom builder, and said that this situation "could be a 'three-headed monster.'" *Id.*, ¶ 32.

After learning of the improper sale of its plans to the custom builder, the plaintiffs then began an investigation to determine if employees in other stores operated by the defendants were "routinely pirating" the plaintiffs' copyrighted plans.  *Id.*, ¶ 33.  The plaintiffs sent investigators to stores operated by the defendants in DePere, Wisconsin, Saginaw, Michigan, Aberdeen, South Dakota, and Sioux Falls, South Dakota.  At each of these stores, the investigator was told by an employee of the defendants that the employee could provide the investigator with a copy of one of the plaintiffs' plans, often by copying the plan from one of the plaintiffs' websites.  At each store, the plaintiffs' investigator was able to buy from the defendants a set of the plaintiffs' copyrighted building plans.  Each of the plans sold to the plaintiffs' investigators did not include the plaintiffs' copyright management information.  For each of these sales by the defendants, the defendants did not comply with the requirements of the licensing agreements between the plaintiffs and the defendants.  In the course of one of these transactions, an employee in one of the defendants' stores said he could produce plans based on images from one of the plaintiffs' websites and stated that they "do this all of the time."  *Id.*, ¶ 34.  Another employee of the defendants who was involved in this transaction said "Technically, this is illegal.  But we have done it before."  *Id.*, ¶ 35.

The plaintiffs allege in their first amended complaint that similar improper use and sale fo the plaintiffs' copyrighted works has or is occurring at other stores operated by

4

the defendants. Specifically, the plaintiffs allege:

> On information and belief, ProBuild's practice of pirating non-"core" designs has occurred and is occurring in other ProBuild locations in a similar fashion to that detailed above.

*First amended complaint*, ¶ 54. Based on the specific allegations concerning the defendants' alleged improper copying, use, and sale of the plaintiffs' copyrighted works, and on the more general allegations in paragraph 54, the plaintiffs allege claims of direct and contributory copyright infringement, and violation of § 1202 the Digital Millennium Copyright Act (DMCA). In addition, the plaintiffs allege a claim for declaratory relief.

In their motion to dismiss, the defendants challenge only the plaintiffs' allegations that "on information and belief" additional infringements of the plaintiffs' copyrights have occurred at other stores operated by the defendants, and the defendants violated the plaintiffs' copyrights by reproducing "one or more" of the nearly 1000 copyrighted works owned by the plaintiffs. *First amended complaint*, ¶¶ 54 - 61. The defendants argue that these more general allegations do not satisfy the pleading standards stated in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007), **Ashcroft v. Iqbal**, ___ U.S. ___, 129 S.Ct. 1937 (2009), and related cases. The defendants assert that the allegations are conclusory and provide nothing more than a formulaic recitation of the elements of the plaintiffs' alleged causes of action without providing any specific factual detail, such as the specific copyrighted work that has been copied improperly, the specific store operated by the defendants where the alleged additional copyright infringements took place, or the particular people involved in such infringements. These allegations, the defendants contend, constitute only bare speculation unsupported by

any factual detail. Considering all of the allegations in the first amended complaint, I disagree.

In *Twombly*, the court considered allegations that the defendants had engaged in parallel courses of conduct to prevent competition within the defendants' respective markets. *Twombly*, 550 U.S. at 551. Based on these parallel courses of conduct, the plaintiffs alleged, on information and belief, that the defendants have "entered into a contract, combination or conspiracy to prevent competitive entry in their respective local telephone and/or high speed internet services markets and have agreed not to compete with one another . . . ." *Id*. Addressing the plaintiffs' claim under § 1 of the Sherman Act, the Court concluded that

> stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading state; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement.

*Id*. at 556. Ultimately, the *Twombly* court concluded that

> an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.

*Id*. at 556 - 557.

In this case, the plaintiffs allege specific facts which, if true, demonstrate that employees at five of the defendants' stores improperly copied and sold specific copyrighted works owned by the plaintiffs. On some occasions, the employees

acknowledged that the copying was wrong or potentially unlawful. One employee said that the defendants' store made such copies "all of the time," and another employee at the same store said "Technically, this is illegal. But, we have done it before." *First amended complaint*, ¶¶ 34 - 35. Confronted with the improper sale of five of the plaintiffs' copyrighted plans to a custom builder, a manager at another store said this situation "could be a 'three-headed monster'" and he realized that his lumber yards had been acting improperly. *Id.*, ¶ 32. These specific factual allegations, taken as true, demonstrate a pattern of copyright infringement at five of the defendants' stores and acknowledgment by the defendants' employees that such infringement is undertaken with some frequency. These specific facts provide plausible grounds to infer that a more widespread pattern of infringement of the plaintiffs' copyrights exists or existed in the defendants' stores. These specific factual allegations create a plausible and "reasonable expectation that discovery will reveal evidence" of a more widespread pattern of infringement of the plaintiffs' copyrights in the defendants' stores. **Twombly**, 550 U.S. at 556. Considering the specific factual allegations in the plaintiffs' first amended complaint, and the reasonable and plausible inferences from those allegations, I conclude that the more general allegations in ¶¶ 54 - 61 of the first amended complaint are sufficient to state claims for direct and contributory copyright infringement, violation of the DMCA, and for declaratory relief.

### IV. CONCLUSION AND ORDER

Considering the first amended complaint [#44] as a whole, the general allegations in ¶¶ 54 - 61 of the first amended complaint are sufficient to state claims for direct and contributory copyright infringement, violation of the DMCA, and for

declaratory relief.  Thus, the motion to dismiss should be denied.

**THEREFORE, IT IS ORDERED** that the **Defendants' Motion for Partial Dismissal of Plaintiffs' First Amended Complaint [Doc. 44]** [#50] filed February 24, 2011, is **DENIED**.

Dated August 4, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge